**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-419-MOC
(3:18-cr-335-MOC-DCK-1)**

| | |
|---|---|
| **DRED CYRON DAVIS,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

### I. BACKGROUND

Petitioner was charged in the underlying criminal case with a single count of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1). (3:18-cr-335 (CR) Doc. No. 1).

Petitioner pleaded guilty pursuant to a written Plea Agreement and admitted being guilty as set forth in the Bill of Indictment. (CR Doc. No. 18 at 1). The Plea Agreement set forth Petitioner's sentencing exposure and Petitioner acknowledged that the Court would consider the U.S. Sentencing Guidelines, had not yet determined the sentence, that any estimate was a prediction rather than a promise, the Court would have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements, and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. (CR Doc. No. 18 at 2). The parties agreed to jointly recommend: entry of the plea is voluntary; Petitioner possessed a semiautomatic firearm capable of accepting a large capacity

1

magazine pursuant to U.S.S.G. § 2K2.1 cmt. n.2; the firearm was stolen pursuant to U.S.S.G. § 2K2.1(b)(4)(A); and the attempted murder cross-reference does not apply. (Id.). The parties remained free to seek a departure or variance and to argue their respective positions of any specific offense characteristics, reductions, and enhancements to the offense level. (Id.). The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea and that he stipulated to the written Factual Basis that was filed with the Plea Agreement, and that the Court may use the offense conduct set out in the Presentence Report (PSR) except any fact to which Petitioner has objected. (CR Doc. No. 18 at 3-4); see (CR Doc. No. 17) (Factual Basis). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, and specifically provides that Petitioner was waiving the rights to contest his conviction and/or sentence in post-conviction motions and on appeal except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 18 at 4).

The Factual Basis, to which no objections are noted, provides that Petitioner knowingly possessed a rifle and ammunition on May 4, 2018 and that, "[p]rior to May 4, 2018, DAVIS was convicted of a prior offense punishable by a term of imprisonment in excess of one year and was therefore prohibited from possessing a firearm and ammunition." (CR Doc. No. 17 at 1).

A United States Magistrate Judge conducted a thorough plea hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. No. 19). Petitioner stated, under oath, that he wanted the Court to accept his guilty plea; he understood his sentencing exposure and the consequences of pleading guilty; he understood the rights he was waiving by pleading guilty; and he is pleading guilty because he is guilty. (Id.). He further stated that he read and understood the Plea Agreement, understood it, and agreed to it including the appellate and post-conviction waivers. (Id. at 3). He also read the Factual Basis and understood it. (Id.). Petitioner stated that

2

the plea was knowing and voluntary and was not the product of threats, intimidation, or force, and that nobody has made any promises of leniency or a light sentence to induce him to plead guilty. (Id.). Petitioner had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. (Id.).

At the sentencing hearing, Petitioner confirmed that his answers during the plea colloquy were true and that he would answer them the same if asked again. (CR Doc. No. 38 at 3). The prosecutor noted that Petitioner pleaded guilty prior to the Supreme Court's issuance of Rehaif v. United States, 130 S.Ct. 2191 (2019),[1] and asked that Petitioner stipulate in open court that he was previously convicted of a crime punishable by more than one year in prison. Defense counsel stated that she had "discussed that with Mr. Davis" and that he "understands and has informed [counsel] that he was aware that his prior conviction carried more than a 12-month sentence. It actually carried 39 months." (CR Doc. No. 38 at 4). The Court asked Petitioner whether he understood that, if he chose not to waive the Rehaif issue, the Government could file a superseding indictment that includes the additional element and Petitioner answered affirmatively. (CR Doc. No. 38 at 4-5). The Court then asked what Petitioner wanted to do and he said "Your Honor, I would like to waive it." (CR Doc. No. 38 at 5).

The Court accepted Petitioner's guilty plea and, in a Judgment entered August 30, 2019, adjudicated him guilty and imposed an upward variance sentence based on Petitioner's "outrageous and dangerous conduct."[2] (CR Doc. No. 38 at 87). The Court sentenced Petitioner to

---

[1] The United States Supreme Court held in Rehaif that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S.Ct. at 2200.
[2] This finding was based on the testimony that the Government presented at the sentencing hearing. (CR Doc. No. 38 at 82-87).

57 months' imprisonment followed by three years of supervised release. (CR Doc. No. 35). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on July 20, 2020. (Doc. No. 1). He argues that his guilty plea was involuntary due to Rehaif and that counsel was ineffective for failing to inform him of the issue. Petitioner argues that the § 922(g) conviction should be vacated and that he should be immediately released.

The Government filed a Response, (Doc. No. 3), arguing that the Rehaif claim is waived, procedurally defaulted, and meritless. In a Motion to Supplement, (Doc. No. 4), the Government further argues that the state court records for his prior conviction reveal that the offense was a felony and that Petitioner knew it was punishable by 39 months of imprisonment. The Government also notes that a petition for writ of certiorari has been filed in United States v. Gary, 954 F.3d 194 (4th Cir. 2020).[3]

Petitioner did not file a Reply.

**II.    SECTION 2255 STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds

---

[3] Holding that a Rehaif error is a structural error.

that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner contends that his guilty plea was involuntary because he, the Court, and counsel misunderstood the § 922(g) offense's elements pursuant to Rehaif.

A plea "does not qualify as intelligent unless a criminal defendant first received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). However, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Id. at 621. Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally defaulted from § 2255 review unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley, 523 U.S. at 621; United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his actual and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170. To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014); see also McQuiggin v. Perkins, 569 U.S. 383, 393 (2013) ("a credible showing of actual

5

innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief.").

The record demonstrates that Petitioner knew about Rehaif at the time of sentencing. Rather than arguing Rehaif and insisting on reindictment, Petitioner voluntarily waived the issue in open court and reaffirmed his desire to plead guilty. Petitioner also could have raised the issue on direct appeal and failed to do so. Petitioner cannot demonstrate prejudice or actual innocence because he admitted in the Factual Basis and in open court at the sentencing hearing that he knew he had a prior felony conviction that was punishable by more than a year in prison at the time he violated § 922(g). See (CR Doc. No. 17 at 1); (CR Doc. No. 38 at 4-5); see also (Doc. 4-1 at 6-7) (state court Judgment and Transcript of Plea); (CR Doc. No. 29 at ¶ 31) (PSR). Therefore, Petitioner's claim that his plea was involuntary due to Rehaif is procedurally defaulted from § 2255 review. See Erwin v. United States, 2020 WL 5822219 (W.D.N.C. Sept. 30, 2020) (dismissing § 2255 Rehaif claim as waived and procedurally defaulted where petitioner served a three-year sentence for his prior felony convictions and was serving supervised release on those convictions when he committed the instant offense); Wilson v. United States, 2020 WL 4950930 (W.D.N.C. Aug. 24, 2020) (dismissing § 2255 Rehaif claim as procedurally defaulted where the record, including multiple felony convictions for which Petitioner served 12 months or more in prison, establishing that petitioner knew his status as a convicted felon). Even if this claim were not procedurally defaulted, it would be denied on the merits because Petitioner repeatedly admitted and the record conclusively establishes that Petitioner knew he was a convicted felon at the time he violated § 922(g). His present self-serving and unsupported claims to the contrary are rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported

6

by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005). Therefore, this claim will be dismissed with prejudice and, alternatively, denied on the merits.

Petitioner's claim that counsel was ineffective with regards to Rehaif is conclusively refuted by the record. Counsel cannot be deemed ineffective for failing to inform Petitioner of Rehaif at the time he entered his guilty plea in February 2019 because that opinion was not issued until June 21, 2019. See Konahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) ("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law."). Even if counsel had performed deficiently, Petitioner is unable to show prejudice because the record, including Petitioner's admissions, demonstrate that he knew he was a convicted felon at the time of the § 922(g) offense, and that he wanted to waive the issue and proceed with his guilty plea despite Rehaif. Therefore, Plaintiff has failed to demonstrate either deficient performance or prejudice and his claim of ineffective assistance of counsel is denied.

## IV. CONCLUSION

For the foregoing reasons, the § 2255 Motion to Vacate is dismissed with prejudice and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to mail a copy of this Order to Petitioner at his address of as well as to FCI Hazelton, Federal Correctional Institution, PO Box 5000, Bruceton Mills, WV 26525.[4]

4. The Clerk is instructed to close this case.

Signed: December 21, 2020

Max O. Cogburn Jr.
United States District Judge

---

[4] It is Petitioner's responsibility to keep the Court apprised of his current address at all times.